```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KHALIK JONES,                                                    MEMORANDUM
                      Plaintiff,                                 AND ORDER
          - against -
SHERIFF OF SUFFOLK COUNTY, et al.,                               18-CV-0665 (BMC) (JO)
                      Defendants.
-----------------------------------------------------------X
```

James Orenstein, Magistrate Judge:

Plaintiff Khalik Jones ("Jones") seeks leave to amend certain claims in his Second Supplemental Complaint as to state defendants, Commissioner Thomas J. Loughren ("Loughren"), Chairman Allen Riley ("Riley"), and former Chairman Thomas A. Beilein ("Beilein" or, collectively with Loughren and Riley, the "State defendants"). *See* DE 172; *see also* DE 127. Those defendants oppose the motion, the other defendants do not. *See* DE 178; DE 180.[1] For the following reasons, I grant the motion.[2]

I.   Background

Jones accuses the defendants of a variety of constitutional violations. *See* DE 1 (Complaint); DE 67 (Amended Complaint); DE 115 (Second Supplemental Complaint). The three State defendants have moved to dismiss all of the claims against them, and their motion remains before the court. *See* DE 158. Jones seeks leave to amend his complaint so as to withdraw his claims against

---

[1] The defendants opposing the motion are all represented by the office of the New York State Attorney General. The remaining defendants, all represented by the office of the Suffolk County Attorney, include Nurse Jenny Alarcon, Andrew Becker, Captain P. Boyle, Shakera Bryant, L.P.N., Jeffrey Campbell, Former Sheriff "Vincent DeMarco", Michael Franchi, Vincent Geraci, M.D., Thomas Heavy, Patrick Hess, Stephen John, M.D., Brian Loppiccolo, John Lowry, Michael Mazzaferro, Michael Newman, Franklin Scholl, Sheriff of Suffolk County "Errol Toulon", and Ari Wickramaaratchi, DO (collectively, the "County defendants").

[2] Both groups of defendants addressed their letters responding to the motion to the assigned district judge. Because granting the motion to amend does not dispose of any claim or defense, a magistrate judge may do so, subject to the court's review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Loc. Civ. R. 72.1(a), Loc. Civ. R. 72.2.

two of the State defendants – Riley and Beilein – and to amend the remaining claims against Loughren as pleaded in paragraphs 27, 37, 73, 80, and 109 of the Second Supplemental Complaint. *See* DE 172. The County defendants do not oppose the motion. *See* DE 178. The State defendants consent to the abandonment of the claims against Riley and Beilein but oppose the proposed amendment of claims against Loughren because, in their view, the proposal does nothing to salvage claims that they previously moved to dismiss. *See* DE 180.

II.     Discussion

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The decision on whether to grant a motion to amend rests within the sound discretion of the district court." *Rosenzweig v. Ro Gallery Image Makers, Inc.*, 2020 WL 1957413, at *1 (E.D.N.Y. Apr. 23, 2020) (citations omitted). "Generally, a motion to amend should be denied 'only for reasons such as undue delay, bad faith, futility of the amendment or prejudice to the other party.'" *Trustees of United Plant & Prod. Workers Local 175 Benefits Fund v. Mana Constr. Grp., LTD.*, 2019 WL 7598690, at *1 (E.D.N.Y. Dec. 3, 2019) (quoting *Crippen v. Town of Hempstead*, 2013 WL 2322874, at *1 (E.D.N.Y. May 22, 2013)). However, it is the opposing party's burden to demonstrate prejudice or futility as ground to deny leave to amend. *See Shpak v. Curtis*, 2012 WL 511478, at *4 (E.D.N.Y. Feb. 14, 2012) (citing *Blaskiewicz v. County of Suffolk*, 29 F. Supp. 2d 134, 137-38 (E.D.N.Y. 1998)).

The State defendants oppose the motion to amend only to the extent that Jones proposes to clarify certain factual assertions and change legal claims against Loughren. They challenge that amendment as futile; they do not argue that Jones unduly delayed the proposed amendment, that he acted in bad faith, or that the amendment would prejudice them in any way.

Specifically, the State defendants seek to keep Jones from specifying that the claims against Loughren that he previously characterized as arising generally under "the Due Process Clause of

every Amendment under the State and Federal Constitution" should be considered as claims arising under "the Eighth Amendment of the United States Constitution." DE 115 ¶¶ 73, 80; DE 172-1 (proposed amended pleading) ¶¶ 73, 80. Even if the claims that are the subject of the pending dismissal motion are ultimately deemed to be insufficient, Jones's effort to *narrow* those claims by more precisely identifying the specific constitutional provision under which he seeks relief cannot be deemed futile. Indeed, because Jones is appearing *pro se* the court would in any event have an obligation to infer the proposed Eighth Amendment claim from the broader phrasing of the Second Supplemental Complaint; now that Jones seeks to clarify his legal theory without such assistance, "the court must grant leave to amend the complaint." *Sanford v. Bruno*, 2018 WL 2198759, at *3 (E.D.N.Y. May 14, 2018) (Cogan, J.) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999))).

III. Conclusion

For the reasons set forth above, I grant the motion to amend and respectfully direct the Clerk to file Attachment 1 to docket entry 172 separately on the docket as the Amended Second Supplemental Complaint.

SO ORDERED.

Dated: Brooklyn, New York
June 2, 2020

                                                                      /s/
                                                     James Orenstein
                                                   U.S. Magistrate Judge