C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
KHALIK JONES,                                                     :
                                                                  :
                                Plaintiff,                        :    **MEMORANDUM DECISION**
                                                                  :    **AND ORDER**
                - against -                                       :
                                                                  :    18-cv-665 (BMC)
SHERIFF OF SUFFOLK COUNTY *et al*.,                               :
                                                                  :
                                Defendants.                       :
                                                                  :
----------------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff *pro se* brings the present § 1983 action against numerous employees of the Suffolk County Correctional Facility for alleged violations of his constitutional rights. Before me is defendant Loughren's motion to dismiss the claims against him only. For the reasons discussed below, his motion is granted.

## BACKGROUND

As alleged in the complaint, plaintiff was prescribed a pain medication on 5/27/2017, but the prison pharmacy did not provide plaintiff with the medication until 6/2/2017. The apparent reason for the delay was that the pharmacy did not have the medication in stock and so had to order it into the prison.

On June 1, 2017, plaintiff filed a grievance with the Citizens Policy and Complaint Review Council regarding this incident. On August 10, 2017, Commissioner Loughren issued a decision on behalf of the Council, denying the grievance but rebuking the prison:

> On this date, the Citizens Policy and Complaint Review Council reviewed the above-referenced grievance and voted to deny this grievance.
>
> In doing so, the Council noted certain ancillary issues that need to be addressed. Pursuant to 9 NYCRR § 7010.1, the facility is to provide adequate medical care

>for prisoners.  In this instance, the Grievant was prescribed a pain medication on May 27, 2017[;] however, the pharmacy had to order the prescribed medication and the Grievant did not receive the medication until June 2, 2017.  The physician should have been notified of the delay and should have provided an alternative bridge medication until the prescribed medication could be obtained.

Plaintiff avers that Loughren "failed to remedy the wrong" after he had been informed of the grievance, and instead "sustained the action taken by the facility administration, even after acknowledging the denial of adequate medical care."

In the complaint's "Legal Claims" section, plaintiff concludes that the "Citizens Policy and Complaint Review Council members that consist of Commissioner Thomas J. Loughren . . . fail[ed] to act in a timely manner [and] violated plaintiff's due process rights."  He adds that the Council "voted to deny plaintiff's grievance and upheld [the] facility's decision, without pertinent medical documentation to support the findings."

Loughren moves to dismiss the claims against him only.

## DISCUSSION

*Pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).  However, they must still plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Although the Court assumes all factual allegations contained in the complaint to be true, this principle is "inapplicable to legal conclusions." Id.

A claim alleging deprivation of rights under 42 U.S.C. § 1983 requires that a plaintiff demonstrate that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by

the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010). Furthermore, a plaintiff must show that each of the named defendants was personally involved in the wrongdoing or misconduct complained of. See Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)).

Here, plaintiff has failed to state a claim against Loughren for which relief can be granted for at least three reasons. First of all, plaintiff's injury was the six-day delay in receiving his medication. Yet the Council's decision was issued more than two months after this delay ended. Moreover, based upon plaintiff's Exhibit B1, plaintiff didn't even file his appeal to the Council until the day before he finally received his medication. Therefore, neither the decision nor the time the Council took to reach it can fairly be considered the cause of plaintiff's injury. This is to say nothing of the fact that the New York State Commission of Correction, of which the Citizens Policy and Complaint Review Council is a part, is simply a "State Watchdog" agency that "does not hire or oversee Correctional Officers." See Brody v. McMahon, 684 F. Supp. 354, 357 (N.D.N.Y. 1988); *About SCOC*, New York State Commission of Correction, https://scoc.ny.gov/about.htm (last visited July 26, 2020).[1] So even had the Council accepted the grievance, there likely would have been no benefit to plaintiff.

Second, to the extent plaintiff claims that he was separately denied due process because of the Council's decision denying his grievance, that is both conclusory and unsupported by his allegations. In fact, the Council considered the evidence and even acknowledged, as an "ancillary issue," that the better course would have been to "provide[] an alternative bridge medication until the prescribed medication could be obtained." Even though the Council decided not to accept the grievance, plaintiff cannot assert a due process claim against Loughren simply

---

[1] The Court takes judicial notice of the information provided on New York State's website regarding the functions of these bodies.

3

because he does not like the decision "Loughren" – as but one member of the Citizens Policy and Complaint Review Council – reached.

And third, although in a similar context the Supreme Court denied absolute judicial immunity to members of a prison's "Discipline Committee," see Cleavinger v. Saxner, 474 U.S. 193 (1985), it still afforded that body qualified immunity.  In this case, certain aspects of the Citizens Policy and Complaint Review Council may in fact render it better suited for absolute immunity than the Discipline Committee in Cleavinger.  But regardless of whether the Council should be cloaked in absolute or qualified immunity, the Court is unable to identify any clearly established right that the Council violated in ruling as it did.  See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) ("[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.").

## CONCLUSION

Loughren's [191] motion to dismiss the claims against him is granted and [158, 194] are denied as moot.  The Clerk is directed to dismiss defendant Loughren from the case.

**SO ORDERED.**

_____<br>
U.S.D.J.

Dated: Brooklyn, New York
       July 26, 2020